UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORMA DE LA ROSA, § § **Plaintiff,** § § v. § § BAY CITY TEXAS § ANESTHESIOLOGISTS, P.A., d/b/a/ § THE PAIN RELEASE CENTER ET AL., § § **Defendants.** § | CIVIL ACTION NO. 4:09-cv-2524 |

## MEMORANDUM AND ORDER

Before the Court is the Defendants' Motion to Dismiss and Memorandum of Law for Lack of Subject Matter Jurisdiction (Doc. No. 5). After considering the parties' filings and the applicable law, the Court finds that the motion should be denied.

### I.   BACKGROUND

This case arises from the decision of the U.S. Equal Employment Opportunity Commission ("EEOC") to dismiss Plaintiff's charge of discrimination against Defendants.

Plaintiff Norma de la Rosa was formerly employed as a Front Desk Medical Assistant for Defendants in Sugar Land, Texas.[1] Plaintiff alleges that on December 13, 2008, Plaintiff rejected unwanted and unwelcome sexual touching from her male supervisor. On December 22, 2008, Defendants terminated Plaintiff's employment.

On December 13, 2008, Plaintiff attended a Christmas dinner hosted and paid for by

---

[1] The Court has drawn the facts of the case primarily from the Plaintiff's Original Complaint and Jury Demand (Doc. No. 1). The Court will accept undisputed facts and resolve disputed facts for the purposes of this motion. *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

1

Defendants. Defendant Dr. Ajay Aggarwal ("Dr. Aggarwal") was also present at the dinner. After the dinner, the Plaintiff, Dr. Aggarwal, and other employees of the Defendants, waited for transportation to a nightclub. Plaintiff alleges that, during that time, Dr. Aggarwal patted her rear-end without her permission. After arriving at the nightclub, Dr. Aggarwal repeatedly asked Plaintiff to dance with him and Plaintiff repeatedly refused. Plaintiff alleges that, after she repeatedly refused to dance with Dr. Aggarwal, he became upset and yelled at Plaintiff. Plaintiff further alleges that she sustained injuries to her arm when Dr. Aggarwal forcefully grabbed her arm and attempted to pull her to the dance floor.

Plaintiff filed a complaint with the Houston Police Department approximately three days later. Plaintiff did not return to work because she was fearful of Dr. Aggarwal. Plaintiff notified Defendants' office manager why she was not returning to work. Soon after, Dr. Aggarwal left to India and on December 22, 2008, Plaintiff returned to work. On the same day, Defendants terminated her employment.

Plaintiff filed a charge of discrimination against Defendants with the EEOC. The EEOC closed Plaintiff's file on May 11, 2009. The EEOC dismissed the charge, stating that "[t]he Respondent employs less than the required number of employees or is not otherwise covered by the statutes." (Pl.'s Original Compl. & Jury Demand, Doc. No. 1, Ex. A.) Plaintiff filed her complaint in this case within ninety days after receiving a notice of right to sue from the EEOC. *Id.*

In her first three counts (or, more properly, claims for relief), Plaintiff alleges Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17, by: (1) sexual harassment, (2) hostile environment, and (3) retaliation. In counts four and five of

2

her complaint, Plaintiff alleges assault and battery and intentional infliction of emotional distress. (Doc. No. 1.) Defendants now move to dismiss.

## II.   Analysis

### A.   Standard of Review

Defendants move to dismiss the original complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). However, each argument advanced by Defendants is based on the absence of subject matter jurisdiction. (*See* Defs.' Mot. to Dismiss and Mem. of Law for Lack of Subject Matter Jurisdiction, Doc. No. 5, at 2-4.) Therefore, the Court will decide this motion under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In considering a Rule 12(b)(1) motion, "the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *Williamson*, 645 F.2d at 413)). The plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* (citing *New Orleans & Gulf Coast Ry. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

3

### B. Title VII Numerical Qualification

Defendants argue federal question jurisdiction is lacking because Defendants do not meet the Title VII definition of "employer," "employment agency," or "labor organization."[2] Title VII defines the entities regulated and protected by the statute. 42 U.S.C. § 2000e. An "employer" is defined as someone who has "fifteen or more employees." 42 U.S.C. § 2000e-2(a).

Defendants point to the EEOC's "Dismissal and Notice of Rights" attached as Exhibit A to Plaintiff's Original Petition as conclusive evidence that Defendants are not an employer for the purposes of Title VII and therefore Plaintiff cannot prove any set of facts to support her claim. In that document, an EEOC representative stated that "[t]he Respondent employs less than the required number of employees or is not otherwise covered by the statutes" as the reason for dismissing Plaintiff's charge. (Doc. No. 1, Ex. A.)

The Court notes initially that it is not bound to follow the EEOC finding. *Bumpers v. Harris County, Tex.*, No. 05-577, 2006 WL 1030066, at *1 n.2 (S.D. Tex. 2006) ("Any determinations by the EEOC are not binding on a district court; rather 'civil litigation at the district court level clearly takes on the character of a trial de novo, completely separate from the actions of the EEOC.'") (quoting *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir.1972)).

More importantly, however, the Supreme Court found in *Arbaugh v. Y & H Corp.* that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." 546 U.S. 500, 515 (2006). Thus, whether Defendants

---

[2] Defendants' deny they qualify as an "employer," "employment agency," or "labor organization," but the dispute between the parties focuses only on whether Defendants qualify as an "employer." For that reason, the Court's analysis focuses on "employer."

4

are an "employer" under Title VII is not a jurisdictional bar to suit, but instead an essential element of Plaintiff's claim. Where the contested issue is an essential element of the Plaintiff's claim for relief, the jury is the proper decision maker. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). Thus, the Court will not dismiss the case under Rule 12(b)(1).

To the extent Defendants argue that Plaintiff fails to state a claim under which relief may be granted, by failing to allege that Defendants are "employers" under Title VII, this argument fails. Plaintiff properly alleged in her complaint that "Defendants are an employer within the meaning of Title VII." (Doc. No. 1, at 3.) In Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff states, "Based on information and belief, Defendants qualify as an 'employer' for the purposes of Title VII liability." (Pl.'s Mem. in Resp. to Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction, Doc. No. 6, ¶ 7.) The Court finds that Plaintiff's pleadings are sufficient under the standard of review for Rule 12(b)(6), and denies a motion to dismiss under that Rule.

### C.    Exhaustion of Administrative Remedies

Defendants further argue that jurisdiction is lacking because Plaintiff has not exhausted her administrative remedies. Defendants point out that Plaintiff's charge of discrimination before the EEOC was against Defendant Dr. Ajay Aggarwal only. Defendants argue that, because Defendants Bay City Texas Anesthesiologists, P.A. and Pain Relief Center, M.D., P.A. were not included in Plaintiff's charges before the EEOC, this action should be dismissed in its entirety. In her response to Defendants' Motion to Dismiss, Plaintiff alleges her charge was properly filed against her employer because "Dr. Aggarwal is the proprietor of these entities and at all times was Plaintiff's employer." (Doc. No. 6, ¶ 8.)

Without considering the jurisdictional question, the argument fails on factual grounds. Before filing suit in federal court, a plaintiff must bring an administrative charge before the EEOC. "[A] party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the party named in the charge." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988). Plaintiff alleges that Defendant Dr. Aggarwal is the proprietor of the other Defendants, which creates a clear identity of interest between Dr. Aggarwal, named in the EEOC charge, and unnamed Defendants Bay City Texas Anesthesiologists, P.A. and Pain Relief Center, M.D., P.A. Because Defendants do not allege otherwise, this is an undisputed fact in the record for the purposes of the pending motion. Therefore, the Court finds that there is a clear identity of interest between and among Defendants, and the Court properly exercises subject matter jurisdiction as to all Defendants in this case.

### III. CONCLUSION

Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 22nd day of January, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.