UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMA DE LA ROSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION  NO. H-09-2524 |
| | § | |
| BAY CITY TEXAS | § | |
| ANESTHESIOLOGISTS, P.A. d/b/a | § | |
| THE PAIN RELIEF CENTER, | § | |
| PAIN RELIEF CENTER, M.D., P.A., | § | |
| and DR. AJAY AGGARWAL, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, BAY CITY TEXAS ANESTHESIOLOGISTS, P.A. d/b/a THE PAIN RELIEF CENTER, PAIN RELIEF CENTER, M.D., P.A., and DR. AJAY AGGARWAL, by and through their attorney of record, Allan A. Cease, file this, their Defendants' Original Answer to plaintiff, NORMA DE LA ROSA's Original Complaint and Jury Demand.

A.  Admissions & Denials

1.     Defendants admit the allegations in paragraph 1 that Plaintiff, Norma De La Rosa, is an individual who is a citizen of the State of Texas.

2.     Defendants admit the allegations in paragraph 2 that Defendant, Bay City Texas Anesthesiologist, P.A. d/b/a The Pain Release Center ("Bay City Texas Anesthesiologist"), is a corporation that is incorporated under the laws of the State of Texas. Defendants admit

that Defendant has its principal place of business in the State of Texas.

3. Defendants admit the allegations in paragraph 3 that Defendant, Pain Relief Center, M.D., P.A. ("Pain Relief Center"), is a corporation that is incorporated under the laws of the State of Texas. Defendants admit that this Defendant has its principal place of business in the State of Texas.

4. Defendants admit the allegations in paragraph 4 that Defendant, Dr. Ajay Aggarwal ("Aggarwal"), is an individual and a citizen of the State of Texas.

**B. Jurisdiction**

5. Defendants deny the allegations in paragraph 5 that this action arises under a federal question and demand strict proof thereof.

**C. Venue**

6. Defendants deny the allegations in paragraph 6 that venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because there was no unlawful employment practice committed in this district and demand strict proof thereof.

**D. Nature of the Action**

7. Defendants deny the allegations in paragraph 7 that this is an action under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* to correct unlawful employment practices on the basis of sex and retaliation and demand strict proof thereof.

**E. Exhaustion of Administrative Remedies**

8. Defendants deny the allegations in paragraph 8 that Plaintiff timely filed a charge of

discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC) and demand strict proof thereof. Defendants admit the allegations in paragraph 8 that Plaintiff filed this Complaint within 90 days after receiving a notice of the right to sue from the EEOC. Defendants admit the allegations in paragraph 8 that the copy of the notice of the right to sue attached as Exhibit A to Plaintiff's Complaint is the one issued by the EEOC.

**F. Facts**

9.     Defendants admit the allegations in paragraph 9 that Plaintiff was employed as a Front Desk Medical Assistant for Defendants beginning in or about October of 2007.

10.     Defendants admit the allegations in paragraph 10 that on or about December 13, 2008, Plaintiff and her co-workers attended a Christmas party at Ruth's Chris Steakhouse in Houston, Texas, but deny that it was work-related and demand strict proof thereof. Defendants deny the allegations in paragraph 10 that the dinner was hosted by and paid for by Defendants and deny strict proof thereof. Plaintiffs admit the allegations in paragraph 10 that Aggarwal was present at the dinner.

11.     Defendants admit the allegations in paragraph 11 that after dinner, Plaintiff, her co-workers, and Aggarwal were waiting for a limousine to take them to a nightclub in downtown Houston. Defendants deny the allegations in paragraph 11 that while waiting outside of the restaurant, Aggarwal patted Plaintiff's rear-end without Plaintiffs permission and demand strict proof of same.

12.     Defendants deny the allegations in paragraph 12 that while at the nightclub on the

evening of December 13, 2008, Aggarwal wanted Plaintiff to dance with him and Aggarwal began grabbing Plaintiff and demand strict proof thereof. Defendants deny the allegations in paragraph 12 that Plaintiff politely and repeatedly refused and demand strict proof thereof. Defendants deny the allegations in paragraph 12 that Aggarwal became upset and screamed at Plaintiff asking why she would not dance with him and demand strict proof thereof.

13.   Defendants deny the allegations in paragraph 13 that Aggarwal continued to grab Plaintiff forcefully and Plaintiff tried to avoid Plaintiff bear hugging Plaintiff and carrying Plaintiff onto the dance floor and demand strict proof thereof. Defendants deny the allegations in paragraph 13 that Aggarwal grabbed Plaintiff so forcefully that Plaintiff sustained injuries to her arm as a result and demand strict proof thereof.

14.   Defendants are without knowledge of the allegations in paragraph 14 as to whether approximately three days later, Plaintiff filed a police report with the Houston Police Department and, therefore, deny the allegations and demand strict proof thereof.

15.   Defendants deny the allegations in paragraph 15 that Plaintiff was fearful of returning to work while Aggarwal was at the office and called into the office and notified the office manager and demand strict proof thereof. Defendants admit the allegations in paragraph 15 that within a week, Aggarwal was to take a trip to India.

16.   Defendants admit the allegations in paragraph 16 that Aggarwal departed to India. Defendants admit that when Plaintiff returned to work she was immediately terminated from her employment for cause on December 22, 2008 for failing to show up to work on the days immediately preceding her appearance at the work place.

17. Defendants deny the allegations in paragraph 17 that Plaintiff sustained loss of past and future income, emotional distress, and physical pain and suffering and demand strict proof thereof.

**G. Count I — Title VII - Sexual Harassment**

18. Defendants restate their answers to the preceding paragraphs 1 through 17 which are hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

19. Defendants deny the allegations in paragraph 18 that Plaintiff is a female employee protected under Title VII and demand strict proof thereof.

20. Defendants deny the allegations in paragraph 19 that they are an employer within the meaning of Title VII and demand strict proof thereof.

21. Defendants deny the allegations in paragraph 20 that Defendants intentionally discriminated against Plaintiff in violation of Title VII by subjecting Plaintiff to quid pro quo sexual harassment and demand strict proof thereof. Defendants deny the allegations in paragraph 20 that Defendants discriminated against Plaintiff by making sexual advances toward Plaintiff and demand strict proof thereof.

22. Defendants deny the allegations in paragraph 21 that Plaintiff rejected these advances by immediately reporting the unwelcome and unwanted sexual advances and demand strict proof thereof.

23. Defendants deny the allegations in paragraph 22 that within ten days after the unwelcome sexual advances were made to Plaintiff, Plaintiff was terminated and demand

strict proof thereof.

24.     Defendants deny the allegations in paragraph 23 that Plaintiff suffered tangible employment action of termination after she rejected Defendant's advances, in violation of Title VII as amended, 42 U.S.C. §2000e *et seq.* and demand strict proof thereof.

### H. Count II — Title VII — Hostile Environment

25.     Defendants restate their answers to the preceding paragraphs 1 through 24 which are hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

26.     Defendants deny the allegations in paragraph 25 that Plaintiff was subjected to extremely serious unwanted and unwelcome sexual touching from her male supervisor because of her sex and demand strict proof thereof.

27.     Defendants deny the allegations in paragraph 26 that Aggarwal's conduct was physically threatening and humiliating to Plaintiff and sufficiently severe to affect a term, condition or privilege of Plaintiff's employment and demand strict proof thereof.

28.     Defendants deny the allegations in paragraph 27 that a reasonable person in the same or similar circumstances as Plaintiff would have likewise found Aggarwal's conduct offensive and demand strict proof thereof.

29.     Defendants deny the allegations in paragraph 28 that there was any harassment and deny that there was any harassment that was severe or pervasive and demand strict proof thereof.

30.     Defendants deny the allegations in paragraph 29 that there was any report made to or

made known to management and demand strict proof thereof. Defendants deny the allegations in paragraph 29 that Defendants failed to take reasonable care to prevent and promptly correct any sexually harassing behavior and deny that there was any sexually harassing behavior and demand strict proof thereof.

31.     Defendants deny the allegations in paragraph 30 that Defendants discriminated against Plaintiff by subjecting her to a hostile environment because of her sex in violation of Title VII as amended, 42 U.S.C. §2000e *et seq*. and demand strict proof thereof.

### I. Count III — Title VII - Retaliation

32.     Defendants restate their answers to the preceding paragraphs 1 through 31 which are hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

33.     Defendants deny the allegations in paragraph 32 that there was any conduct of Defendants set out in the Complaint that constitutes violations of Title VII and Defendants deny that Defendants retaliated against and terminated Plaintiff for engaging in protected conduct. Defendant deny the allegations in paragraph 32 that retaliation was a motivating factor in Plaintiffs termination and demand strict proof thereof.

34.     Defendants deny the allegations in paragraph 33 that there was any retaliatory conduct that occurred or that was in violation of Title VII as amended, 42 U.S.C. §2000e(3)(a) and demand strict proof thereof.

### J. Count IV — Assault and Battery

35.     Defendants restate their answers to the preceding paragraphs 1 through 34 which are

hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

36. Defendants deny the allegations in paragraph 35 that Aggarwal intentionally, knowingly and/or recklessly made unwelcome and offensive physical contact with Plaintiff and demand strict proof thereof.

37. Defendants deny the allegations in paragraph 36 that Aggarwal placed Plaintiff in the immediate apprehension of unwelcome and offensive physical contact and demand strict proof thereof. Defendants deny the allegations in paragraph 36 that Aggarwal's conduct was a proximate cause of damages to Plaintiff and demand strict proof thereof.

38. Defendants deny the allegations in paragraph 36 that Aggarwal's conduct involved malice and/or otherwise justifies the imposition of punitive damages in an amount to be determined by the trier of fact to deter Aggarwal from similar conduct in the future and demand strict proof thereof.

### K. Count V — Intentional Infliction of Emotional Distress

39. Defendants restate their answers to the preceding paragraphs 1 through 38 which are hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

40. Defendants admit the allegations in paragraph 38 that Plaintiff is a person. Defendants deny the allegations in paragraph 38 that Aggarwal acted intentionally and/or recklessly and demand strict proof thereof. Defendants deny the allegations in paragraph 38 that Plaintiff suffered any emotional distress or that it was severe and demand strict proof thereof.

Defendants deny the allegations in paragraph 38 that Aggarwal's conduct was extreme and outrageous and demand strict proof thereof.

41. Defendants deny the allegations in paragraph 38 that Aggarwal's conduct proximately caused Plaintiffs emotional distress and demand strict proof thereof. Defendants deny the allegations in paragraph 38 that and no alternative cause of action would provide a remedy for the severe emotional distress caused by Aggarwal's conduct in that there is no cause of action available to Plaintiff because Aggarwal did not do anything that is recoverable and demand strict proof thereof.

42. Defendants deny the allegations in paragraph 39 that as a proximate cause of Aggarwal's conduct, Plaintiff sustained damage in the form of mental anguish, loss of society, medical expenses, and lost earning capacity and demand strict proof thereof. Defendants deny the allegations in paragraph 39 that Plaintiff is entitled to exemplary damages, prejudgment interest, postjudgment interest, and court costs and demand strict proof thereof.

**L. Damages**

43. Defendants restate their answers to the preceding paragraphs 1 through 42 which are hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

44. Defendants deny the allegations in paragraph 40 that as a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages and demand strict proof thereof:

9

45. Defendants deny the allegations in paragraph 40a. that all reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff and demand strict proof thereof;

46. Defendants deny the allegations in paragraph 40b. that back pay is due and owing and demand strict proof thereof;

47. Defendants deny the allegations in paragraph 40c. that front pay is due and owing in an amount the Court deems equitable and just to make Plaintiff whole and demand strict proof thereof;

48. Defendants deny the allegations in paragraph 40d. that all reasonable and necessary costs incurred in pursuit of this suit are due and owing and demand strict proof thereof;

49. Defendants deny the allegations in paragraph 40e. that emotional pain occurred and demand strict proof thereof;

50. Defendants deny the allegations in paragraph 40f. that physical pain and suffering occurred and demand strict proof thereof;

51. Defendants deny the allegations in paragraph 40g. that expert fees as the Court deems appropriate is due and owing and demand strict proof thereof;

52. Defendants deny the allegations in paragraph 40h. that inconvenience occurred and demand strict proof thereof;

53. Defendants deny the allegations in paragraph 40i. that loss of enjoyment of life occurred and demand strict proof thereof;

54. Defendants deny the allegations in paragraph 40j. that mental anguish in the past occurred and demand strict proof thereof;

55. Defendants deny the allegations in paragraph 40k. that mental anguish in the future occurred and demand strict proof thereof;

56. Defendants deny the allegations in paragraph 40l. that loss of benefits in the past occurred and demand strict proof thereof;

57. Defendants deny the allegations in paragraph 40m. that loss of benefits in the future is due and owing and demand strict proof thereof;

58. Defendants deny the allegations in paragraph 40n. that prejudgment interest is due and owing and demand strict proof thereof;

59. Defendants deny the allegations in paragraph 40o. that postjudgment interest is due and owing and demand strict proof thereof; and

60. Defendants deny the allegations in paragraph 40p. that Exemplary damages are due and owing and demand strict proof thereof.

## M. Attorney Fees and Costs

61. Defendants restate their answers to the preceding paragraphs 1 through 60 which are hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

62. Defendants deny the allegations in paragraph 41 that Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k) and demand strict proof thereof.

## N. Prayer

63. Defendants restate their answers to the preceding paragraphs 1 through 62 which are

hereby incorporated by reference. To the extent the allegations were not answered, they are denied.

64. Defendants deny all of the allegations in paragraph 42 that Plaintiff, Norma De La Rosa, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; attorney fees and costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity and demand strict proof of same.

## **O. Affirmative Defenses**

65. Defendants, BAY CITY TEXAS ANESTHESIOLOGISTS, P.A. d/b/a THE PAIN RELIEF CENTER, PAIN RELIEF CENTER, M.D., P.A., and DR. AJAY AGGARWAL, at all times material hereto, were not "employers" as defined by Title VII, 42 U.S.C. §2000e(b).

66. At all times material hereto, plaintiff was not an employee as defined by Title VII, 42 U.S.C. §2000e(f).

67. At all times material hereto, plaintiff did not belong to a protected class under Title VII, 42 U.S.C. §2000e et seq.

68. At all times material hereto, plaintiff was not employed by PAIN RELIEF CENTER, M.D., P.A.

69. At all times material hereto, plaintiff was not employed by DR. AJAY AGGARWAL.

70. At all times material hereto, Defendant, DR. AJAY AGGARWAL, was not a

proprietor of Defendants, BAY CITY TEXAS ANESTHESIOLOGISTS, P.A. d/b/a THE PAIN RELIEF CENTER or PAIN RELIEF CENTER, M.D., P.A.

### D.  Prayer

71. For these reasons, defendants ask the court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendants all other relief the court deems appropriate.

>Respectfully submitted,
>
>ALLAN A. CEASE & ASSOCIATES, P.C.
>
>/s/ Allan A. Cease
>_____
>BY: Allan A. Cease
>Texas State Bar Number: 04040550
>Southern District Bar Number: 3066
>14140 Southwest Freeway, Suite 240
>Sugar Land, Texas 77478
>Phone: (281) 980-0909
>Fax:(281) 980-1069
>Email: allancease@comcast.net
>ATTORNEY-IN-CHARGE FOR DEFENDANTS
>BAY CITY TEXAS ANESTHESIOLOGISTS,
>P.A. d/b/a THE PAIN RELIEF CENTER, PAIN
>RELIEF CENTER, M.D., P.A., and
>DR. AJAY AGGARWAL

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served upon Adrian V. Villacorta, 1811 Bering Drive, Suite 330, Houston, Texas 77057, pursuant to the Federal Rules of Civil Procedure on this the 8th day of February, 2010.

                                              /s/ Allan A. Cease
                                              _____
                                              Allan A. Cease